### COLLINS *v.* LONG ISLAND R. Co.

*(City Court of Brooklyn, General Term.  June 23, 1890.)*

RAILROAD COMPANIES—NEGLIGENCE.

Plaintiff's intestate, in attempting to cross defendant's railroad track in front of a train rapidly approaching and in full view, fell down, was struck by the locomotive, and killed.  A companion had asked her not to cross.  When she fell, the locomotive was 50 or 60 feet away.  *Held,* that she was guilty of negligence defeating a recovery for her death.

Appeal from trial term.

Action by James Collins, as administrator, etc., against the Long Island Railroad Company.  The action was dismissed, and plaintiff appeals.

Argued before OSBORNE and VAN WYCK, JJ.

*M. L. Towns,* for appellant.  *Hinsdale & Sprague,* for respondent.

OSBORNE, J.  Plaintiff, as administrator, etc., of his deceased wife, Elizabeth Collins, brought this action to recover damages from defendant for causing the death of his intestate.  The action was dismissed by the learned trial judge at the close of plaintiff's case, on the ground that negligence was shown on the part of the deceased, and that no negligence was shown on the part of the defendant.  Plaintiff's counsel excepted to this ruling, and takes this appeal.  It appears from the evidence that on the morning of August 19, 1889, deceased, in company with her sister-in-law, Mrs. Nichols, and her cousin, Maria Brown, started from plaintiff's residence on Linwood street, intending to take one of defendant's so-called "rapid transit trains" for Flatbush avenue.  They went into the waiting room on the south platform at the Elton-Street station, and after waiting there a few minutes started to walk on a plank cross-walk across the railroad tracks to the platform on the north side, from which they were to take the train.  While on the south platform they all saw a train of defendant's road approaching at a rapid rate of speed.  As deceased started ahead, her sister-in-law, Mrs. Nichols, called to her to come back.  Said to her, "Come back," or "Don't cross."  Deceased, however, disregarded the warning so given to her, and went on.  She crossed the first or south track, and as she reached the first rail of the second or north track, on which the train was approaching, she slipped and fell, and before she could recover herself the locomotive struck her, and she was killed.  The locomotive was between 50 and 60 feet away from her when she fell.

Evidence was offered by plaintiff to show that the plank cross-walk over which deceased was going at the time she fell was defective, and it appeared that one end of the first plank beyond the third rail, at about the place where deceased fell, was broken or worn off, leaving a space about 8 inches long and 9 inches wide, the surface of which was depressed, varying from 1¼

to 3¼ inches, and it was claimed that this alleged defective condition of the cross-walk caused the deceased to fall. The answer to this claim is that no one of plaintiff's witnesses was able to positively testify that the fall of the deceased was caused by this depression. While they agree that it was at or about this spot that deceased fell, we are left to inference or conjecture alone as to whether the fall was actually occasioned by this depression. Admitting, however, for the sake of the argument, that this depressed spot on the extreme edge of the cross-walk caused deceased to fall, still we are of the opinion that the complaint was properly dismissed on the ground of deceased's contributory negligence. Here was a railroad train in plain sight, and rapidly approaching. Deceased saw it, and started to cross the track in front of it. She was warned of the danger of crossing then by one of her companions, who called to her not to cross. She apparently thought that she could get over in time, and kept on, but unfortunately, in her haste, she slipped and fell, and met her death. How closely she had calculated or, rather, miscalculated, is shown by the fact that when she fell the locomotive was only between 50 and 60 feet from her, and even if she had not fallen, she would still have had to cross the track and get up on the platform before she would have been out of danger. It seems to us that the mere statement of such a condition of affairs carries with it the inevitable conclusion that deceased was guilty of negligence, and that such negligence on her part caused her death. *Pakalinsky* v. *Railroad Co.*, 82 N. Y. 424; *Connelly* v. *Same*, 88 N. Y. 346; *McPhillips* v. *Railroad Co.*, 12 Daly, 365. Judgment dismissing complaint affirmed, with costs.

VAN WYCK, J., concurs.